*807364/CDFisher*                                          *Firm I.D. 90384*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STUCKEY CONSTRUCTION CO., INC., a corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No.: 02C 1975 |
| INTAMIN, LTD., a corporation; and SIX FLAGS THEME PARKS, INC., a corporation, and UNKNOWN OWNERS, NON-RECORD CLAIMANTS, and TENANT OCCUPANTS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT, INTAMIN, LTD.'S ANSWER TO PLAINTIFF'S COMPLAINT TO FORECLOSE MECHANICS LIEN AND OTHER RELIEF AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

NOW COMES the Defendant, INTAMIN, LTD. by and through its attorneys, Carlton D. Fisher and Lawrence Moelmann of, HINSHAW & CULBERTSON, and for its answer to Plaintiff's Complaint to Foreclose Mechanics Lien and Other Relief, states as follows:

### ALLEGATIONS TO ALL COUNTS

1. Plaintiff is, and all times relevant hereto has been, an Illinois corporation doing business in Lake County, Illinois, with a principal place of business located at 2020 North Lewis Avenue, Waukegan, Illinois, and engaged in the general construction contracting and subcontracting business.

**ANSWER:** On information and belief, admitted.

2. Defendant, Intamin, Inc., is a corporation doing business in Lake County, Illinois, engaged in the general construction contracting and general construction contracting management business, with a principal place of business located at 520 McCormack Drive, Suite J, Glen Burnie, Maryland.

**ANSWER:** Intamin, Ltd. admits that it is a Maryland corporation with a principal place of business and headquarters in Glen Burnie, Maryland; it denies the remaining allegations of paragraph 2.

3. Defendant, Six Flags, is a corporation doing business in Lake County, Illinois with a principal place of business located at 542 North Route 21, Gurnee, Illinois, where it owns and operates an amusement park known. as Six Flags Great America.

**ANSWER:** Denied in part and admitted in part. Intamin admits that the defendant, Six Flags Theme Parks, Inc., is a Delaware corporation with its principal place of business in Oklahoma City, Oklahoma, and that it owns and operates an amusement park known as Great America in Gurnee, Illinois. Intamin denies the remaining allegations of Paragraph 3.

4. Defendant, Six Flags is and at all times relevant to this Complaint has been the owner of real Property consisting of several parcels of real property, the legal descriptions of which are contained in the exhibit attached hereto as Exhibit A, with a common address of 542 North Route 21, Gurnee, Illinois, known as the Six Flags Great America Amusement Park. (The "real estate"), (The legal description of the real estate is set forth in Exhibit A attached hereto.)

**ANSWER:** On information and belief, admitted.

5. The Defendant Intamin was the general contractor pursuant to a contract between it and Defendant Six Flags, for certain improvements to the real estate consisting primarily of the erection and construction of the "impulse coaster station" to be located on the property.

**ANSWER:** Intamin admits that its relationship to Six Flags Theme Parks Inc is delineated in a written contract; it denies the remaining allegations of paragraph 5.

6. On or about March 12, 2001, Plaintiff and Intamin entered into a written contract under the terms of which Plaintiff Stuckey was to provide labor and materials necessary for the construction of the impulse coaster station on the real estate for an agreed upon price, including a reasonable cost of such labor and materials and a reasonable profit. (A copy of the contract between the Plaintiff and Intamin is attached to this Complaint as Exhibit B.)

**ANSWER:** Intamin admits that it had several contracts with Stuckey but denies that the allegations of Paragraph 3 accurately set forth those contracts. Intamin admits that it had three "not to exceed" maximum price contracts with Stuckey in relation to an amusement ride at Great America, Gurnee, Illinois. The first "not to exceed" contract was entered into on or about January 8, 2001 for certain caisson foundation work. The second "not to exceed" contract was entered into on or about January 19, 2001 for an electrical control building. The negotiations for the third "not to exceed"

- 2 -

contract were commenced on or about March 13, 2001 and completed on or about March 19, 2001 for the rest of the work on an amusement ride Intamin contracted with Six Flags to construct, as memorialized in letters from Intamin to Stuckey on March 15, 2001 and March 19, 2001. Moreover, Stuckey was reminded on or about April 26, 2001 and May 30, 2001 that any obligations it undertook with Six Flags without the express approval of Intamin would not be a part of Intamin's contracts with Stuckey. Further answering, Intamin denies the remaining allegations of this paragraph.

7. Plaintiff thereafter furnished the labor and materials necessary for the construction of the impulse coaster station in accordance with the plans and specifications as revised repeatedly and completed the construction of the impulse coaster station in a timely fashion in accordance with the provisions of the contract between it and Intamin.

**ANSWER:** Denied.

8. The last labor and materials provided by Stuckey for the construction of the impulse coaster station were provided on or about June 8, 2001, and the Plaintiff completed all work required to be done pursuant to its contract with Intamin on June 8, 2001. As of June, 8, 2001, Plaintiff Stuckey pursuant to its contact with the Defendant Intamin for the construction of the aforementioned impulse coaster station on the real estate totaled $980,127.59.

**ANSWER:** Denied.

9. All the labor and materials and services provided by the Plaintiff for the construction of the impulse coaster station have been accepted by both Defendants and constitute a permanent and valuable improvement in the aforementioned real estate.

**ANSWER:** Denied.

10. After deducting all credits and payments, totaling $623,000.00, there remains due the Plaintiff for the labor and materials provided for the construction of the aforementioned improvements on the real estate the sum of $357,127.59 which is due to the Plaintiff Stuckey under the terms of the contract between it and the Defendant Intamin.

**ANSWER:** Denied.

11. In addition to the labor and materials provided by the Plaintiff Stuckey for the construction on the impulse coaster station and other related improvements to the real estate pursuant to the contract between it, Stuckey, and the Defendant Intamin, and the owner of the real estate, Six Flags, directly requested that Stuckey provide additional labor and materials necessary for the construction of improvements adjacent to the impulse coaster station, such as a ticket booth, foot bridge, and other related structures, and Stuckey agreed to provide such for the reasonable cost of

such labor and materials plus a reasonable profit, and the parties Stuckey and Six Flags entered into a verbal contract under the terms of which Stuckey was to provide the labor and materials necessary for the construction of the improvements on the real estate adjacent to the impulse coaster station and Six Flags was to pay the reasonable cost of such labor and materials plus a reasonable profit.

**ANSWER:** Denied as to the allegations pertaining to Intamin; on information and belief, Six Flags and Stuckey had a separate agreement for work Stuckey may have provided to Six Flags directly; Intamin incorporates its answer to Paragraph 6 as part of its answer to this paragraph.

12. Plaintiff Stuckey provided the labor and materials required under its oral contract with Six Flags and last performed work and completed construction of the improvements to the real estate called for in said contract on June 8, 2001. The reasonable value of such labor and materials provided for such put together with a reasonable profit is $177,279.08.

**ANSWER:** On information and belief, Six Flags and Stuckey had a separate agreement for work Stuckey may have provided to Six Flags directly; Intamin incorporates its answer to Paragraph 6 as part of its answer to this paragraph.

13. The labor and materials and other services provided by Stuckey pursuant to its oral contract between it and Six Flags were delivered and provided to Six Flags and accepted by Six Flags, and constitute a permanent and valuable improvement on the real estate.

**ANSWER:** Intamin incorporates its answer to Paragraph 6 as part of its answer to this paragraph. Intamin has insufficient knowledge to answer the remaining allegations of this paragraph and consequently denies the same.

14. After deducting all credits and payments totaling $0,00, as of June 8, 2001 there was due Stuckey from Six Flags for performance of the aforementioned contract and for providing the labor and materials and other services for the improvement of the real estate the sum of $177,279.08 which, together with interest, remains due and owing Stuckey.

**ANSWER:** Intamin incorporates its answer to Paragraph 6 as part of its answer to this paragraph. Intamin has insufficient knowledge to answer the remaining allegations of this paragraph and therefore denies the same.

## COUNT I
### (Foreclosure of Subcontractors Mechanics Lien)

1-14. Plaintiff restates and realleges, Paragraphs 1 through 14 of Allegations Common to all Counts as and for its Paragraphs 1 through 14 of this Count I.

807364/1087069.1-HC01_DS1A

**ANSWER:** Intamin realleges its answers to Paragraphs 1 - 14 of the Common Allegations as its answers to Paragraph 1 - 14 of Count I.

15. Now due Plaintiff, as a subcontractor of Intamin, the sum of $357,127.59 for which coupled together with interest at the rate of ten percent (10%) per annum from June 8, 2001, by reason of non-payment of said sum, the Plaintiff is entitled to, and does claim, as a Mechanics Lien upon the above described real estate for the aforesaid balance.

**ANSWER:** Denied.

16. The Plaintiff Stuckey makes a part hereof as Plaintiff's Exhibit C a true copy of a Subcontractor's Claim for Lien which was recorded on September 7, 2001 with the Recorder of Deeds for County of Lake, State of Illinois as document number 4758299 within four (4) months of June 8, 2001, as Plaintiff's date of completion of its subcontract. Plaintiff has also recorded a *Lis Pendens* Notice in the said, office of the Recorder of Deeds contemporaneous with the filing of this. lawsuit.

**ANSWER:** Intamin denies the validity of the lien and *Lis Pendens* notice alleged in Paragraph 16.

17. The named Defendant Six Flags, unknown others and unknown claimants, and each of them who have or claim to have some interest in the aforementioned premises, as lien creditors, tenants, judgment creditors, encumbrancers, trustees, purchasers, or otherwise the nature of which is unknown to Plaintiff such. interest if any there be, is subject, subordinate and inferior to the rights of Plaintiff.

**ANSWER:** Denied.

WHEREFORE, Plaintiff claims the following relief:

A. That an accounting be taken as to the amount due the Plaintiff, and the Defendants be decreed to pay the Plaintiff within a day certain;

B. That the Plaintiff be decreed to be entitled to a Mechanics Lien with respect to the above described premises for the amount found to be due to Plaintiff;

C. That a Receiver be appointed for the aforementioned premises;

D. That in case of non-payment in the amount found due to the Plaintiff, the above described premises be sold to satisfy such amount, together with interest and cost;

807364/1087069.1-HC01_DS1A

E. The in case of such sale, the failure to redeem thereof pursuant to law, the Defendants and all persons claiming through or under them be forever barred and foreclosed of any right or equity of redemption in the aforedescribed premises;

F. That attorney's fees be awarded Plaintiff pursuant to 770 ILCS 60/17(b) based upon the owners failure to satisfy Plaintiff's lien claim without just cause;

G. That in case of sale does not produce enough to pay the Plaintiffs claim, the Plaintiff be awarded a money decree against the Defendants personally liable; and

I. That Plaintiff may have cost of suit incurred and attorney's fees or other appropriate relief

WHEREFORE, Defendant, Intamin, Ltd. denies all these allegations.

## AFFIRMATIVE DEFENSES

Stuckey has been paid for all of the work for which it contracted with Intamin.

## COUNT II
### (Foreclosure of Original Contractor's Claim for Lien)

1-14. Plaintiff restates and realleges Paragraphs 1 through 14 of Allegations Common to all Counts as and for its Paragraphs I through 14 of this Count 11.

**ANSWER:**

15. That Plaintiff Stuckey makes a part hereof, as Plaintiff's Exhibit D a true and correct copy of Original Contractor's Claim for Mechanics Lien, recorded with the Lake County Recorder of Deed on September 7, 9.001, as document number 4758300, within four (4) rnonth5 of June 8, 2,001, the date Plaintiff substantially completed all work pursuant to its oral contract with the Defendant Six Flags. Plaintiff has recorded a *Lis Pendens* Notice in the said office of the Recorder of Deeds of Lake County, Illinois contemporaneously with the filing of this lawsuit.

**ANSWER:** Intamin denies the validity of the lien and *Lis Pendens* notice as alleged in Paragraph 15.

16. The Defendants, known others, unknown others, unknown owners and unknown claimants and each of them who have or claim to have, some interest in the aforedescribed premises, as lien creditors, tenants, judgment creditors, encumbrancers, trustees, purchasers, or otherwise, the nature of which is unknown to the Plaintiff; such interest if any there be is subject, subordinate, and inferior to the rights of Plaintiffs.

807364/1087069.1-HC01_DS1A

**ANSWER:** Denied.

WHEREFORE, the Plaintiff claims the following relief:

A. That an accounting be taken as to t1le amount due the Plaintiff, and the Defendants be decreed to pay the Plaintiff within a day certain;

B. That the Plaintiff be decreed to be entitled to a Mechanics Lien with respect to the above described premises for the amount found to be due to Plaintiff;

C. That a Receiver he appointed for the aforementioned promises;

D. That in case of non-payment in the amount found due to the Plaintiff, the above described premises be sold to satisfy such amount, together with interest and cost;

E. That in case of such sale, the failure to redeem thereof pursuant to law, the Defendants and all persons claiming through or under them be forever barred and foreclosed of any right or equity of redemption in the aforedescribed premises;

F. That attorney's fees be awarded Plaintiff pursuant to 770 ILCS 60/17(b) based upon the owners failure to satisfy Plaintiff's lien claim without just cause;

G. That in case of sale does not produce enough to pay the Plaintiff's claim, the Plaintiff be awarded a money decree against the Defendants personally liable; and

H. That Plaintiff may have cost of suit incurred and attorney's fees or other appropriate relief.

**ANSWER:** WHEREFORE, Defendant, Intamin, Ltd. denies all these allegations.

## AFFIRMATIVE DEFENSES

Stuckey has been paid for all of the work for which it contracted with Intamin.

## COUNT III
### (Breach of Contract versus Intamin)

1-14. Plaintiff restates and realleges Paragraphs 1 through 14 of Allegations Common to all Counts as and for its Paragraphs 1 through 14 of this Count III.

**ANSWER:** Intamin realleges its answers to Paragraph 1 - 14 of the Common Allegations as its answers to Paragraphs 1 - 14 of Count III.

- 7 -

15.     Defendant Intamin has breached the aforementioned contract between it and Plaintiff Stuckey by failing to pay the amounts due in a timely fashion with no just cause.

**ANSWER:**     Denied.

WHEREFORE, the Plaintiff the court enter judgment in its favor and against Defendant Intamin in the amount $357,127.59 plus interest and costs of suit, and grant such further and additional relief as the court deems just and warranted.

**ANSWER:**     WHEREFORE, Defendant, Intamin, Ltd. denies all these allegations.

### AFFIRMATIVE DEFENSES

Stuckey has been paid for all of the work for which it contracted with Intamin.

### COUNT IV
### (Breach of Contract versus Six Flags)

1-14.     Plaintiff restates and realleges Paragraphs 1 through 14 of Allegations Common to all Counts as and for its Paragraphs 1 through 14 of this Count IV.

**ANSWER:**     This count is not addressed to Intamin, Ltd.

15.     Defendant Six Flags has breached the aforementioned contract between it and Plaintiff Stuckey by failing to pay the amounts due in a timely fashion with no just cause.

**ANSWER:**     This count is not addressed to Intamin, Ltd.

WHEREFORE, the Plaintiff the court enter judgment in its favor and against Defendant Six Flags in the amount $177,279.08 plus interest and costs of suit, and grant such further and additional relief as the court deems just and warranted.

**ANSWER:**     This count is not addressed to Intamin, Ltd.

## COUNT V
### (Unjust Enrichment in the Alternative)

1-14. Plaintiff restates and realleges Paragraphs 1 through 14 of Allegations Common to all Counts as and for its Paragraphs 1 through 14 of this Count V.

**ANSWER:** Intamin realleges its answers to Paragraph 1 - 14 of the Common Allegations as its answers to Paragraph 1 - 14 of Count V.

15. Plaintiff alleges, pleading in the alternative, that should this Court find that tho extra work provided by Plaintiff to said owner was not provided pursuant to ail express contract between the parties, then allowing Defendant to receive such extra material and services due Plaintiff without compensation to Plaintiff would unjustly enrich the Defendant.

**ANSWER:** Denied.

16. The Plaintiff Stuckey has suffered a detriment in the amount of $357,127.59 for payments not made by the Defendant and therefore seeks recovery of damages in the aforesaid amount plus interest.

**ANSWER:** Denied.

WHEREFORE, Plaintiff prays a judgment in its favor and against Defendants Intamin and Six Flags in the amount of $357,127.59 phis interest and costs of suit, and grant such further and additional relief as the court deems just and warranted.

**ANSWER:** WHEREFORE, Defendant, Intamin, Ltd. denies all those allegations.

### AFFIRMATIVE DEFENSES

Stuckey has been paid for all of the work for which it contracted with Intamin.

## COUNT VI
### (Unjust Enrichment in the Alternative)

1.-14. Plaintiff restates and realleges Paragraphs 1 through 14 of Allegations Common to all Counts as and for its Paragraphs 1 through 14 of this Count V.

**ANSWER:** Intamin realleges its answers to Paragraphs 1 through 14 of the Common allegation as its answer to Paragraphs 1 through 14 of Count VI.

- 9 -

15. Plaintiff alleges, pleading in the alternative, that should this Court find that the extra work provided by Plaintiff to said owner was not provided pursuant to an express contract between the parties, then allowing Defendant to receive such extra material and services due Plaintiff without compensation to Plaintiff would unjustly enrich the Defendant.

**ANSWER:** Denied.

16. The Plaintiff Stuckey has suffered a detriment in the amount of $177,279.08 for payments not made by the Defendant and therefore seeks recovery of damages in the aforesaid amount plus interest.

**ANSWER:** Denied.

WHEREFORE, Plaintiff prays a judgment in its favor and against Defendants Intamin and Six Flags in the amount of $357,127.59 phis interest and costs of suit, and grant such further and additional relief as the court deems just and warranted.

**ANSWER:** WHEREFORE, the Defendant, INTAMIN, Ltd. denies all these allegations.

## **AFFIRMATIVE DEFENSES**

Stuckey has been paid for all of the work for which it contracted with Intamin.

## **COUNTERCLAIM AGAINST STUCKEY**

1. Stuckey's failure to abide by its initial contract with Intamin (January 8, 2001) and its second contract with Intamin (January 19, 2001) resulted in Intamin incurring damages.

2. Stuckey's failure to abide by its third contract with Intamin (March 13, 2001) resulted in Intamin incurring damages and indemnification from Stuckey should Intamin be found liable to Six Flags.

WHEREFORE, Intamin is entitled to damages from Stuckey for its breach of the three contracts and indemnification from Stuckey should Intamin be found liable to Six Flags.

807364/1087069.1-HC01_DS1A

## COUNTERCLAIM/CROSSCLAIM
## AGAINST SIX FLAGS THEME PARKS, INC.

Intamin is entitled to indemnification from Six Flags for any sums it is required to pay Stuckey as a result of Six Flags contracting with Stuckey for work on the project for which Intamin contracted with Six Flags. Intamin incorporates its answer to Paragraph 6 of Stuckey's Complaint as its basis for indemnification from Six Flags.

HINSHAW & CULBERTSON

By: _____

One of the attorneys for the Defendant, Intamin, Ltd.

Carlton D. Fisher, Esq.
Lawrence R. Moelmann, Esq.
HINSHAW & CULBERTSON
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
(312) 704-3000

- 11 -

807364/1087069.1-HC01_DS1A